GEORGE STETSON *vs.* DUDLEY HALL and DUDLEY C. HALL.

Penobscot.     Opinion December 20, 1893.

*Insolvency.   Attachments.   R. S., c. 70, § 33 ; Stat. 1891, c. 109.*

By R. S., c. 70, § 33, attachments made within four months of the filing of a petition in insolvency are dissolved by the assignment.

Chapter 109 of the Statutes of 1891, authorizing insolvency proceedings against non residents, does not affect contracts made before its passage.

The property of a non-resident debtor was attached in this State by a resident creditor prior to the passage of the above statute. The assignee, appointed under insolvency proceedings begun thereafter, appeared in the action and pleaded the proceedings in dissolution of the attachment. The attaching creditor was not a party to the proceedings in insolvency. *Held ;* that the question of the dissolution of the attachment did not arise for determination in this action.

On report.

This was an action of assumpsit brought by the plaintiff, a resident of Bangor, Penobscot County, against the defendants, residents of Medford, Massachusetts, upon their promissory note for $10,000, dated Boston, September 6, 1890, payable to the order of the defendant, Dudley C. Hall, and by him indorsed. It fell due March 6–9, 1891; and the writ is dated March 10, 1891, on which day an attachment of real estate in Penobscot County, was made. An attachment of real estate in Piscataquis County was made March 11, and in Aroostook County, March 12, 1891.

After the bringing this action, the insolvent law of this State was amended by an act approved March 27, 1891, being chap. 109 of the statutes of 1891, by which proceedings were authorized against a non-resident debtor, in the county where he may have real or personal estate. Under the law, as thus amended, the creditors, but not including the plaintiff, filed a petition in insolvency, on May 11, 1891, against the defendant, Dudley C. Hall, in Penobscot County, and after due proceedings, an assignment was made to George W. Chipman and William C. Haskins, assignees.

Said Chipman, surviving assignee of said Dudley C. Hall, appeared by leave of court, and pleaded the general issue; and for brief statement of further defense, alleged that the attachments made on the plaintiff's writ were dissolved by the proceedings in insolvency, which had been instituted within four months of the filing of the petition in insolvency.

It was not contended in defense of the action that the discharges granted the defendants by the court of insolvency in Massachusetts, under proceedings begun March 27, 1891, in Middlesex County, were a bar to this action; but the assignee claimed that the attachments of the plaintiff were dissolved and that the property attached should be held by him as assignee, free and clear of such attachments.

This case was argued at the same time together with the preceding case, *Manufacturers National Bank* v. *Hall*, *ante* p. 107.

*Charles P. Stetson,* for plaintiff.

The act of March 27, 1891, cannot affect this action, and the attachments made March 10, 1891. *Denny* v. *Bennett,* 128 U. S. 489, p. 494; *Owen* v. *Roberts,* 81 Maine, 439; *MacNichol* v. *Spence,* 83 Maine, 87; *Deake, Applt.,* 80 Maine, 50, p. 55; R. S., c. 1, § 5.

As to the effect of the proceedings, &c., in insolvency in Massachusetts, upon the two actions here, counsel argued that they do not reach land situate in another State, and that a creditor will not be disturbed in his attachments of such land. *Chipman* v. *Manfrs. Nat. Bank,* 156 Mass. 147; *Osborn* v. *Adams,* 18 Pick., 247; *Blake* v. *Williams,* 6 Pick., 285, p. 306; *South Boston Iron Co.* v. *Boston, &c. Works,* 51 Maine, 585.

By the attachments made here before commencement of proceedings in Massachusetts, plaintiff obtained a vested right in the real estate attached. They would not be dissolved by a discharge granted under insolvent laws of Massachusetts. *Nason* v. *Hobbs,* 75 Maine, 396; *Hussey* v. *Danforth,* 77 Maine, 17. Massachusetts statutes have no force to dissolve attachments here, and cannot affect attachments of lands in this State.

*Charles H. Bartlett, W. B. Clarke,* of the Boston bar with him, for defendants.

Attachments dissolved: R. S., c. 70, § 33; *Wright* v. *Huntress.* 77 Maine, 179.

Act of March 27, 1891, applies to existing attachments, and does not impair a vested right. *Ex parte Foster,* 2 Story, 131, 145; *Coffin* v. *Rich,* 45 Maine, 507-514; *Kingley* v. *Cousins,* 47 Maine, 91, and cases; *Harrison* v. *Sterry,* 5 Cranch, 289-299; *Baldwin* v. *Buswell,* 52 Vt. 57; *Kilborn* v. *Lyman,* 6 Met. 299, and cases; *Blount* v. *Windley,* 95 U. S. 424; *Curtis* v. *Whitney,* 80 U. S. 513. Retroactive as to remedy. *Berry* v. *Clary,* 77 Maine, 482; Drake Att. 6th Ed. § 412; Myers' Vested Rights, § 1145; *Frost* v. *Illsley,* 54 Maine, 351 and cases; *Westerman* v. *Westerman,* 25 Ohio, 500-507.

SITTING: PETERS, C. J., LIBBEY, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

EMERY, J.   Within four months after this action was begun, one of the defendants, a resident of Massachusetts, was adjudged an insolvent debtor, by the Court of Insolvency for Penobscot County, upon the petition of his creditors, under Ch. 109, Pub. Laws of 1891, authorizing insolvency proceedings against non-residents.   The plaintiff was not a party to any of these proceedings.

The act of 1891, which alone authorized insolvency proceedings against this defendant, was enacted after this debt was contracted, and after this action was begun.   The defendants have appeared in the action after acknowledging notice according to the order of court, but they make no defense by plea or otherwise.   The plaintiff is therefore entitled to judgment against them.   *Schwartz* v. *Drinkwater*, 70 Maine, 409 ; *Ross* v. *Tozier*, 78 Maine, 312.

But the assignee of the insolvent defendant also appeared by leave of court, and pleaded the above adjudication of insolvency, not in bar of the action so much as in dissolution of the attachment of his insolvent assignor's real estate.   The question of the effect of the proceedings in insolvency upon the attachment does not, of course, arise in this action, and we must decline to consider it.   We have no authority to determine it.   The parties or their privies can litigate that question again, whatever opinion we might express here.   No judicial opinion should be expressed upon a question of such importance, until the question is regularly presented in such a way that the opinion will be authoritative.                    *Defendants defaulted.*